IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
June 09, 2022 08:38 AM
ST-2019-CV-00583
**TAMARA CHARLES**
**CLERK OF THE COURT**




## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

******** 

ALANI HENNEMAN TODMAN )
)  Case No. ST-19-CV-583
  Plaintiff, )
)  **ACTION FOR DAMAGES, BREACH OF**
  v. )  **CONTRACT, CONVERSION, FRAUD,**
)  **NEGLIGENT MISREPRESENTATION,**
SHERYL O'BRYAN JOHNSON, )  **FRAUDULENT MISREPRESENTATION,**
TRUSTEE, ELSA D. O'BRYAN )  **UNJUST ENRICHMENT**
REVOCABLE TRUST )
)
  Defendants. )
)

**APPEARANCES:**

Joseph B. Caines, Esquire
Law Office of Joseph B. Caines
100 Blackbeard's Hill, Suite 4B
St. Thomas, Virgin Islands
*For Plaintiff*

Jessica C. Tully, Esquire
Law Office of Jessica C. Tully
3JD St. Peter Mountain Road
St. Thomas, Virgin Islands
*For Defendants*

**2022 VI Super 56U**

## MEMORANDUM OPINION AND ORDER

¶1 **THIS MATTER** is before the Court on the following:

1. Plaintiff's Complaint, filed October 16, 2019;

2. Defendant's Motion to Dismiss and Motion to Disqualify Attorney Joseph Caines as Plaintiff's Counsel, filed December 16, 2019;

3. Plaintiff's Memorandum of Law in Support of Alani Henneman Todman's Motion in Opposition to Defendant's Motion to Dismiss, Filed January 17, 2020; and

**2022 VI Super 56U**

    4.      Defendant's Reply to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss, filed February 12, 2020.

¶2     This matter came before the Court on December 8, 2021, for a Motions Hearing. Counsel for both parties appeared via Zoom and presented evidence and arguments on whether Plaintiff's counsel, Attorney Joseph Caines, Esq., should be disqualified from representing Plaintiff due to a conflict of interest. While the parties' motions also include arguments regarding Defendant's Motion to Dismiss, the Court is only addressing Defendant's Motion to Disqualify Attorney Joseph Caines as Plaintiff's Counsel. After reviewing the evidence, arguments, and motions before the Court, the Court will grant Defendant's Motion to Disqualify Attorney Joseph Caines as Plaintiff's Counsel.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶3     Plaintiff Alani Henneman Todman ("Plaintiff" or "Todman"), a resident of St. Thomas, Virgin Islands, is the granddaughter of the late Elsa D. O'Bryan ("O'Bryan"). Defendant Sheryl O'Bryan Johnson ("Defendant" or "Johnson"), a resident of Mooresville, North Carolina, is the oldest child of O'Bryan and was allegedly responsible for her financial affairs towards the end of her life.[1] Prior to her death, O'Bryan was the owner of Parcel No. 1-15 Estate Windberg, St. Thomas, Virgin Islands ("the Property"), which is divided into two units: 1-15A and 1-15B.[2]

¶4     In 2001, O'Bryan transferred the Property to a revocable living trust. Attorney Caines, who now represents Plaintiff in the present case, drafted the Elsa D. O'Bryan Revocable Trust ("the Trust") on December 18, 2001.[3] Attorney Caines drafted a deed transferring the Property from Elsa D' O'Bryan, an individual, to Elsa D. O'Bryan as the Trustee of the Trust.[4] O'Bryan was the sole Trustee during her lifetime.[5] Johnson, the Defendant in the present case, was named as the Successor Trustee of the Trust and also a beneficiary of the Trust.[6] The other two beneficiaries of the Trust are O'Bryan's other children, Carol O'Bryan-Henneman and James A. O'Bryan, Jr., both residents of St. Thomas, Virgin Islands.[7] The Trust provides that upon O'Bryan's death, "the Trustee shall distribute the trust property outright to the beneficiaries…"[8] O'Bryan died on April 27, 2019.[9]

---

[1] Pl.'s Compl. 1.
[2] Pl.'s Compl. 2.
[3] Def.'s Mot. Dismiss & Disqualify Pl.'s Counsel 2 Ex. A., Ex. B.
[4] Def.'s Mot. Dismiss & Disqualify Pl.'s Counsel 2.
[5] Def.'s Mot. Dismiss & Disqualify Pl.'s Counsel 2.
[6] Def.'s Mot. Dismiss & Disqualify Pl.'s Counsel 2.
[7] Def.'s Mot. Dismiss & Disqualify Pl.'s Counsel 2 Ex. B.
[8] Def.'s Mot. Dismiss & Disqualify Pl.'s Counsel 2 Ex. B.
[9] Pl.'s Compl. 4.

**2022 VI Super 56U**

¶5    Towards the end of her life, O'Bryan reportedly needed round-the-clock care due to her age and physical condition.[10] Todman and Johnson allegedly entered into an agreement that Todman would leave her condominium[11] and move to the Property with O'Bryan to provide her with the care she needed on the condition that Todman would continue to live in one of the Property's units until O'Bryan's death.[12] Todman alleges that she agreed to move in to Parcel No. 1-15B in August 2014, but she could not physically move in until November 2014 due to safety hazards.[13] Todman alleges that she and Johnson agreed that the property needed to be renovated, and she funded and assisted with renovations from August 2014 through November 2014.[14] Todman continued to make home improvements on Parcel No. 1-15B until Hurricane Irma struck St. Thomas in 2017.[15] Todman claims Hurricane Irma damaged the portion of the property where her household items were located, and the insurance adjuster included her losses in the property damage claim amount. However, Todman alleges Johnson has retained all the insurance proceeds.[16] Upon O'Bryan's death in 2019, Johnson, as Successor Trustee, placed the Property for sale on the market.[17] Todman alleges that Johnson did not allow her to live in the Property as they agreed, and as such Johnson has breached their agreement.

¶6    On October 16, 2019, Todman filed a complaint against Johnson alleging breach of contract, conversion, fraud, negligent misrepresentation, fraudulent misrepresentation, and unjust enrichment. Johnson filed a Motion to Dismiss and Motion to Disqualify Attorney Joseph Caines as Plaintiff's Counsel on December 16, 2019. In reply, Todman filed a Memorandum of Law in Support of Alani Henneman Todman's Motion in Opposition to Defendant's Motion to Dismiss on January 17, 2020. Johnson filed Defendant's Reply to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss on February 12, 2020. On the same day, Defendant also filed an Emergency Motion to Strike Lis Pendens.[18]

¶7    The matter came before the Court for a Motions Hearing on December 8, 2021, via Zoom. The Court heard arguments from counsel for both parties on Johnson's Motion to Dismiss and Motion to Disqualify Attorney Caines as Plaintiff's Counsel. Defendant's counsel, Jessica Tully, Esq., argued that Attorney Caines' representation of Plaintiff presents a direct and extreme conflict of interest because he drafted O'Bryan's trust agreement in his role as her family's longtime

---

[10] Pl.'s Compl. 1.

[11] Pl.'s Compl. 1 (Todman is the owner of a condominium located at Unit 33 Frenchman's Condominium, St. Thomas, Virgin Islands).

[12] Pl.'s Compl. 2.

[13] Pl.'s Compl. 2 (according to Todman, the property was infested with termites, mold, and mildew).

[14] Pl.'s Compl. 3 (the renovations reportedly included removing all furniture, resurfacing the porch tiles, and replacing all of the existing electrical items).

[15] Pl.'s Compl. 4.

[16] Pl.'s Compl. 4.

[17] Pl.'s Compl. 4.

[18] This Court granted Defendant's Renewed Emergency Motion to Strike Lis Pendens Parcel No. 1-15 Estate Wintberg on March 24, 2022.

**2022 VI Super 56U**

attorney, and he now represents a third party against the trust. Attorney Tully asserted he could likely be called as a witness in the dispute, and that his representation of Todman is a clear violation of his duties to his former client O'Bryan.[19] Attorney Caines stated that it was his intention to sue Johnson individually and argued that Plaintiff is not seeking to invalidate or alter the trust; she simply wants to be compensated for costs incurred based on her agreement with Defendant. Attorney Tully requested that Plaintiff file a release of the lis pendens. Attorney Caines requested to amend the complaint to sue Johnson as an individual. The Court denied Attorney Caines' oral request to amend the complaint to sue Johnson as an individual and advised it would take the Motion to Dismiss and Motion to Disqualify under advisement, and any other requests or arguments should be made by filing the appropriate motions.

## II.      LEGAL STANDARD

### A. Disqualification of an Attorney

¶8      In the Virgin Islands, the Court is responsible for supervising the conduct of attorneys that appear before it and has the power to disqualify any attorney if it determines such action is warranted.[20] In considering motions to disqualify counsel, the Court is tasked with safeguarding the integrity of court proceedings and eliminating the threat of tainting the litigation.[21] Disqualification motions are considered a drastic measure which courts should only impose when absolutely necessary because such motions seek to deprive an opposing party of their counsel of choice and could be "motivated by tactical concerns."[22] The party seeking disqualification must meet a high standard of proof before a lawyer is disqualified, although doubts are resolved in favor of disqualification.[23]

---

[19] Based on these oral arguments, the Court questioned Defendant's counsel as to whether Defendant has met the standard for disqualification under V.I. S. CT. R. 211.1.9 Duties to Former Clients. However, Defendant's Motion to Disqualify Attorney Caines argues a conflict of interest theory under Rule 211.1.7 Conflict of Interest: Current Clients. The Court will therefore focus its analysis on Defendant's arguments under Rule 211.1.7.

[20] See Farrell v. Hess Oil V.I., 57 V.I. 50, 57 (V.I. Super. Ct. 2012) (citing McKenzie Constr. v. St. Croix Storage Corp., 961 F. Supp. 857, 859 (D.V.I. 1997) (providing that the Court has discretion to decide whether disqualification is warranted).

[21] See Fenster v. Dechabert, No. SX-16-CV-343, 2017 V.I. LEXIS 149, at *4 (V.I. Super. Ct. Sept. 27, 2017) (citing Rodriguez v. Spartan Concrete Prods., LLC, No. 1:12-cv-29, 2017 U.S. Dist. LEXIS 62923, at *5 (D.V.I. Apr. 25, 2017) (quoting McKenzie Constr., 961 F. Supp. at 859).

[22] See Hamed v. Yusuf, 69 V.I. 221, 224 (V.I. Super. Ct. 2018) (quoting Nicholas v. Grapetree Shores, Inc., No. 05-119, 2013 U.S. Dist. LEXIS 42717, at *12 (D.V.I. 2013) (citing Lamb v. Pralex Corp., 46 V.I. 213, 216 (D.V.I. 2004) (noting that disqualification motions are "viewed with disfavor").

[23] See Farrell, 57 V.I. at 57 (quoting Prosser v. National Rural Utility Cooperative Financial Corp., No. 1:08-cv-107, 2009 U.S. Dist. LEXIS 47744, at *6 (D.V.I. 2009)); see also Fenster, 2017 V.I. LEXIS 149 at *5 (finding that "vague and unsupported allegations are not sufficient to meet this standard").

**2022 VI Super 56U**

¶9    When resolving a motion to disqualify counsel, courts typically apply a two-step analysis.[24] The first step is to determine whether there has been a substantive violation of the Virgin Islands Rules of Professional Conduct, which took effect on February 1, 2014.[25] If the Court finds a substantive violation of the Virgin Islands Rules of Professional Conduct, the Court then engages in the second step of the analysis, which involves balancing the interests of the parties to determine whether disqualification is appropriate.[26] However, certain rule violations require that counsel withdraw or be disqualified,[27] and in the case of such violations the court need not engage in the second step of the disqualification analysis.

### 1. Conflict of Interest

¶10    Generally, attorneys in the Virgin Islands shall not represent a client if the representation involves a conflict of interest.[28] A conflict of interest arises "out of personal interests of counsel that are 'inconsistent, diverse, or otherwise discordant' with those of his client."[29] Under Rule 211.1.7 of the Virgin Islands Rules of Professional Conduct, "a concurrent conflict of interest exists if…there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to a…former client."[30] The rule allows an attorney to represent a client despite the existence of a concurrent conflict of interest if each affected client gives informed consent to the representation in writing.[31] Additionally, the rule requires that:

---

[24] *See Caribbean Off the Grid Plaza, LLC v. Pedram*, No. ST-2020-CV-00179, 2021 V.I. SUPER 33U, at *22 (V.I. Super. Ct. 2020); *see also Fenster*, 2017 V.I. LEXIS 149 at *14 (outlining a two-step inquiry that involves: (1) determining whether a substantive violation occurred; and (2) engaging in a balancing test to determine whether disqualification is an appropriate remedy).

[25] *See Pedram*, 2021 V.I. SUPER 33U at *22 (clarifying that prior to February 1, 2014, the ABA's Model Rules of Professional Conduct governed the conduct of Virgin Islands attorneys. The Virgin Islands rules are substantively identical to the ABA rules, so therefore previous decisions applying the ABA rules remain applicable in interpreting and applying the Virgin Islands rules).

[26] *See id.*; *see also Fenster*, 2017 V.I. LEXIS 149 at *14 (citing Keith Swisher, *The Practice and Theory of Lawyer Disqualification*, 27 Geo. J. Legal Ethics 71, 87 n.57 2014) (discussing factors that courts should balance in resolving disqualification motions including: (1) the client's interest in being represented by counsel of its choice; (2) the opposing party's interest in a trial free from prejudice; and (3) the public's interest in scrupulous administration of justice).

[27] *See* V.I. S. CT. R. 211.1.7; *see also United States v. Bellille*, 962 F.3d 731, 739 (3d Cir. 2020) (on appeal from the District Court of the Virgin Islands) (finding that "if even one [of the four requirements of V.I. S. CT. R. 211.1.7 is not met…the Court must grant the motion to withdraw").

[28] V.I. S. CT. R. 211.1.7(a).

[29] *Merchant's Commercial Bank v. V.I. F.F.O., LLC*, No. ST-18-CV-183, 2018 V.I. LEXIS 99, at *12 (V.I. Super. Ct. Sept. 17, 2018).

[30] V.I. S. CT. R. 211.1.7(a)(2).

[31] V.I. S. CT. R. 211.1.7(b); *see also Francis v. Virgin Islands*, 63 V.I. 724, 749 n.14 (V.I. 2015) (noting that "even where a conflict of interest exists, an attorney may continue with the representation after obtaining written consent from the affected clients"); *see also Olive v. DeJongh*, No. ST-09-CV-426, 2012 V.I. LEXIS 71, at *21 (V.I. Super.

**2022 VI Super 56U**

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.[32]

¶11     If any of the four requirements under Rule 211.1.7(b) are not met, then the conflicted counsel must withdraw or be disqualified.[33] In determining whether a conflict of interest will "materially limit" an attorney's representation of a client, the critical consideration is the likelihood that a difference in the attorney's and client's interests will occur, and, if it does, whether the difference will significantly interfere with the attorney's independent professional judgment or prevent courses of action that reasonably should be pursued on the client's behalf.[34]

### III.    ANALYSIS

**A. The Court will disqualify Attorney Caines as Plaintiff's counsel because Attorney Caines' former representation of Elsa D. O'Bryan presents a conflict of interest with his current representation of Plaintiff.**

**1.    Attorney Caines' representation of Plaintiff violates Rule 211.1.7 the Virgin Islands Rules of Professional Conduct regarding concurrent conflicts of interest and requires disqualification.**

¶12     The Virgin Islands Rules of Professional Conduct aim to prevent conflicts of interest by prohibiting attorneys from representing a client if the representation of a former or current client will materially limit the attorney's ability to represent the client.[35] The Court finds that this case presents a conflict of interest and there has been a violation of Rule 211.1.7. Here, Attorney Caines

---

Ct. May 14, 2012) (concluding that "concurrent conflicts can only be waived by informed consent confirmed in writing").

[32] V.I. S. Ct. R. 211.1.7(b).

[33] *See United States v. Bellille*, 962 F.3d 731, 739 (3d Cir. 2020) (on appeal from the District Court of the Virgin Islands).

[34] *See Merchant's Commercial Bank*, 2018 V.I. LEXIS 99 at *12 (citing Model R. Prof'l Conduct 1.7 cmt. 8); *see also Thomas v. Kragel*, No. ST-15-CV-573, 2018 V.I. LEXIS 132, at *5-6 (V.I. Super. Ct. May 1, 2018) (finding that a lawyer's "personal interest [in representing a client] is not sufficient to create a concurrent conflict of interest" and there must also be a significant risk that the lawyer's personal interest will materially limit the lawyer's representation of the client).

[35] V.I. S. Ct. R. 211.1.7(a)(2).

**2022 VI Super 56U**

is representing the Plaintiff, Todman, against the interests of his former client, O'Bryan: the suit is brought against Johnson as the successor trustee of O'Bryan's trust. Attorney Caines' representation of Plaintiff is thus clearly discordant with his representation of his former client, O'Bryan.[36] The conflict has not been waived by consent from the affected parties. As O'Bryan is deceased, she cannot consent to the current representation. Johnson, as O'Bryan's successor in interest, has not provided informed consent in writing for Attorney Caines to represent Todman against her and O'Bryan's trust. Without consent from the affected parties, the Court must therefore determine if Attorney Caines' representation of Todman imposes a significant risk of being "materially limited" by his former representation of O'Bryan.

¶13    At issue in this case is an agreement concerning the Property which is subject to a trust agreement that Attorney Caines drafted.[37] The Trust arranged for O'Bryan's property to be distributed to her children upon her death, and if none of her children survived her, the Property would be distributed to her grandchildren. The Court agrees with the Defendant's assertion the Trust is a material part of the case and that as the attorney of record who drafted the trust agreement, Attorney Caines is aware of the contents of the trust agreement which contain O'Bryan's intention to distribute her property evenly amongst her children and grandchildren. Additionally, since he served notice of this suit on O'Bryan's daughter, Ms. Johnson, he is aware that at least one of O'Bryan's children is alive and entitled to her status as a beneficiary of O'Bryan's trust. As O'Bryan's niece, Todman is not entitled to the Property under the terms of the trust agreement. Attorney Caines' representation of Todman against the Trust he helped create poses a significant risk that his intimate knowledge of the Trust could interfere with his decision making on Todman's behalf. The potential prejudice Johnson could face if the representation continues is also significant.

¶14    In opposition to Defendant's Motion to Disqualify, Attorney Caines asserts that there is no conflict of interest because Ms. O'Bryan is deceased and therefore cannot be a current client. He argues that there is no conflict because even though he previously represented O'Bryan, the contract at issue in this case is between his client and Johnson, who he has never represented. He also argues that Defendant is mistaken in the claim that Caines served as counsel to O'Bryan for many years.

¶15    The Court is not persuaded by these arguments. Rule 211.1.7 clearly states that a concurrent conflict of interest can arise based on an attorney's representation of a *former* client.[38] Although

---

[36] *See Merchant's Commercial Bank*, 2018 V.I. LEXIS 99 *12 (finding that a conflict of interest arises "out of personal interests of counsel that are 'inconsistent, diverse, or otherwise discordant' with those of his client").
[37] Def.'s Mot. Dismiss & Disqualify Pl.'s Counsel 13.
[38] V.I. S. Ct. R. 211.1.7(a)(2).

**2022 VI Super 56U**

Attorney Caines correctly asserts that the agreement at issue is the agreement Todman and Johnson made regarding Todman's living arrangements at the Property, the Trust agreement that Attorney Caines drafted is an integral part of the dispute. The Trust agreement assigned the Defendant as the successor trustee and Property. Because of the Trust agreement, O'Bryan and Todman clearly represent two opposing interests, and there is a significant likelihood that Attorney Caines' former representation of one party to the trust could interfere with his judgment in advising his current client against the trust.

¶16     Attorney Caines' argument that Plaintiff does not seek to modify or invalidate the Trust is also not persuasive. Despite Attorney Caines' intention to sue Johnson as an individual in order to resolve a contract dispute between his client and Johnson, Attorney Caines sued Ms. Johnson as a trustee. He has not taken advantage of any opportunity to modify the complaint in the time or procedure allowed by Virgin Islands law. As the case stands, the case is against the trust, in direct conflict with the interests of Attorney Caines' former client. The Court therefore finds a violation of Rule 211.1.7, and this violation requires disqualification.[39] Because a violation of this rule requires disqualification, the Court does not need to engage in the second step of the typical disqualification analysis that involves balancing the interests of both parties with the Court's interest in maintaining the integrity of judicial proceedings.

## IV.    CONCLUSION

¶17     Motions to disqualify counsel are viewed with disfavor since they seek to deprive a party of their counsel of choice and may be motivated by tactical concerns.[40] The party moving for disqualification bears a heavy burden of proving disqualification is warranted.[41] However, if a party meets this burden and establishes that a substantive violation of the rules of professional conduct has occurred, doubts are resolved in favor of disqualification.[42] Courts also typically balance the interests of the parties with the court's interest in preventing tainting the litigation, but some rules require that counsel withdraw or be disqualified in the event of a substantive violation.[43]

¶18     In this case, the Court finds that Attorney Caines former representation of O'Bryan presents a concurrent conflict of interest with his representation of the Plaintiff, Todman, in violation of Rule 211.1.7 of the Virgin Islands Rules of Professional Conduct. His former and current clients' interests are clearly discordant as to create a conflict of interest, and the conflict has not been

---

[39] *See* V.I. S. CT. R. 211.1.7; *see also United States v. Bellille*, 962 F.3d 731, 739 (3d Cir. 2020).

[40] *See Hamed v. Yusuf*, 69 V.I. 221, 224 (V.I. Super. Ct. 2018).

[41] *See id.*

[42] *See Farrell v. Hess Oil V.I.*, 57 V.I. 50, 57 (V.I. Super. Ct. 2012).

[43] *See* V.I. S. CT. R. 211.1.7(a)(2); *see also Caribbean Off the Grid Plaza, LLC v. Pedram*, No. ST-2020-CV-00179, 2021 V.I. SUPER 33U, at *22 (V.I. Super. Ct. 2020).

2022 VI Super 56U

waived by written consent of the affected parties. Attorney Caines' representation of a third party against a trust he drafted on behalf of a former client poses a significant risk that his judgement could be materially limited. Because of this substantive violation of Rule 211.1.7, disqualification is required.

¶19    Accordingly, it is hereby

ORDERED that Defendant's Motion to Disqualify Attorney Joseph Caines as Plaintiff's Counsel, filed December 16, 2019, is **GRANTED**; and it is further

ORDERED that Plaintiff shall have sixty (60) days to hire new counsel; and it is further

ORDERED that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: June 9, 2022

_____
**HON. SIGRID M. TEJO**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court    /    /

By: _____
for **LATOYA COMACHO**
Court Clerk Supervisor    06 / 14 / 2022