IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

June 02, 2023 02:35 PM
ST-2019-CV-00297
**TAMARA CHARLES
CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| LOUISE COURTNEY (owner 3808-3811),<br><br>        **Plaintiff,**<br><br>vs.<br><br>PINEAPPLE VILLAGE CONDOMINIUM ASSOCIATION, INC. BOARD OF DIRECTORS, LISA DE ROULET, and FIONA STUART<br><br><br>        **Defendants.** | Case No. ST-2019-CV-00297<br><br>**ACTION FOR BREACH OF FIDUCIARY CONTRACT, DAMAGES, INTENTIONAL NEGLECT OF PROPERTY, EMOTIONAL DISTRESS, and PUNITIVE DAMAGES** |
| PINEAPPLE VILLAGE CONDOMINIUM ASSOCIATION, INC. BOARD OF DIRECTORS<br><br>        **Counter-claimant,**<br><br>vs.<br><br>LOUISE COURTNEY and THE LIVING TRUST dated December 26, 2008<br><br>        **Counter-defendants.** | **ACTION FOR DEBT and FORECLOSURE** |

**MEMORANDUM OPINION**

Cite as 2023 VI Super 28U

¶1    **THIS MATTER** is before the Court upon Plaintiff Louise Courtney's ("Courtney") Petition to Remove Defendants' Legal Representative ("Petition"), filed on or about February 10, 2022. Also before the Court is Defendants Pineapple Village Condominium Association, Inc. Board of Directors, Lisa De Roulet, and Fiona Stuart's (collectively, "PVCA") Opposition to

*Courtney v. PVCA Bd. of Dirs., Lisa De Roulet,* and *Fiona Stuart*
Case No. ST-2019-CV-00297
Memorandum Opinion – Petition to Remove Defendants' Counsel
Page 2 of 6

Cite as 2023 VI Super 28U

Petition ("Opposition"), filed on February 24, 2022.[1] For the reasons set forth herein, the Petition will be denied.

## BACKGROUND FACTS

¶2 Defendant Pineapple Village Condominium Association, Inc. ("Pineapple Village"), is a USVI corporation operating the Pineapple Village Condominium property in St. Thomas, USVI. Courtney is the owner of a condominium unit within that property, and she brought this action, *pro se*, arguing that PVCA failed to repair a leak from the condominium building's roof, which caused damage to Courtney's unit. To defend this matter, PVCA retained the firm Kellerhals Ferguson Kroblin, PLLC ("Kellerhals").[2] Pineapple Village then filed a counterclaim against Courtney and The Living Trust dated December 26, 2008, for debt and foreclosure of a condominium lien. Specifically, Pineapple Village alleges that Courtney owes Pineapple Village several years' worth of common charges, which, as of the date of the counterclaim, totaled nineteen thousand eight hundred fifty-nine dollars and eighty-six cents ($19,859.86).

## DISCUSSION

¶3 Courtney now petitions this Court to disqualify attorney Shari N. D'Andrade, Esq. ("D'Andrade") and Kellerhals from representing PVCA, arguing there is a conflict of interest.[3] Courtney asserts that there is a violation of "atty. professional conduct" because "[a]n atty. cannot receive payment to litigate against the person the atty. is representing." In other words, Courtney

---

[1] The Court acknowledges that other motions are pending. However, this motion for disqualification has priority. *Moran v. People*, 76 V.I. 544, 550 (V.I. 2022) (holding motions to disqualify judges and attorneys should receive priority consideration and be resolved prior to rulings on substantive motions).
[2] Three attorneys from the Kellerhals firm have entered appearances on behalf of PVCA: Shari N. D'Andrade, Esq., Christopher Allen Kroblin, Esq., and Marjorie Whalen, Esq.
[3] The Court will refer to D'Andrade and Kellerhals collectively as Kellerhals.

*Courtney v. PVCA Bd. of Dirs., Lisa De Roulet,* and *Fiona Stuart*
Case No. ST-2019-CV-00297
Memorandum Opinion – Petition to Remove Defendants' Counsel
Page 3 of 6

Cite as 2023 VI Super 28U

contends that her dues cannot be used by PVCA to pay for Kellerhals' legal representation in an action against Courtney.

¶4    PVCA opposes the Petition because, like any other condominium association, it pays for its legal representation with an aggregate of the association dues and assessments collected from all unit owners. PVCA argues that if the Court were to disqualify Kellerhals, PVCA would be deprived of any legal representation because any lawyer PVCA seeks to retain would be paid with funds from dues, common charges, and assessments. PVCA also rejects Courtney's argument that there is a conflict of interest because Courtney has not paid dues for several years, implying that her money is not part of the funds that were used to retain Kellerhals.

*Legal Standard*

¶5    In the Virgin Islands, the Court is responsible for supervising the conduct of attorneys and, under its discretion, is authorized to disqualify counsel. *Todman v. Johnson*, 2022 VI Super 56U, ¶8; *Farrell v. Hess Oil Virgin Islands*, 57 V.I. 50, 57 (V.I. Super. Ct. 2012). Though, since it is a drastic measure that deprives a party of its counsel of choice, the party seeking disqualification carries a heavy burden to show that continued representation would be impermissible. *Hamed v. Yusuf*, 69 V.I. 221, 224 (V.I. Super. Ct. 2018); *Todman*, ¶8. And that burden is simply not met with vague or unsupported allegations. *Caribbean Off the Grid Plaza, LLC v. Pedram*, 2021 VI Super 33U, ¶21 (quoting *Fenster v. Dechabert*, Super. Ct. Civ. No. SX-16-CV-343, 2017 WL 4969896, at *2 (V.I. Super. Ct. September 27, 2017) (unpublished)).

¶6    When contemplating whether counsel should be disqualified, the Court applies a two-part test, considering first whether there was a substantive violation of the Rules of Professional Conduct; then, if a violation is found, the second part involves balancing factors to determine

whether disqualification is appropriate. *Todman*, ¶9 (citing to *Caribbean Off the Grid*, ¶22 and *Fenster*, 2017 WL 4969896, at *6). Although Courtney does not cite which Rule has been violated, the Court finds that Rules 211.1.7 and 211.1.9, which address conflicts of interest with current and former clients, respectively, are the most applicable.

¶7    Virgin Islands Supreme Court Rule 211.1.7. provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest . . . [which] exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a third person . . . ." And Rule 211.1.9 provides that a lawyer who has previously represented a client in a matter cannot represent another person whose interests are materially adverse to the lawyer's former client without written consent. A lawyer is responsible to third persons if they have a fiduciary duty to that person, such as "from a lawyer's service as a trustee, executor or corporate director." Model Rules of Prof'l Conduct r. 1.7 cmt. 9 (Am. Bar Ass'n 2019).[4]

¶8    When an organization retains a lawyer, that lawyer's duty is only to "represent[] the organization acting through its duly authorized constituents." V.I. S. Ct. R. 211.1.13. Subject to the provisions of Rule 211.1.7, a lawyer "may also represent any of [an organization's] directors, officers, employees, members, shareholders or other constituents . . . ." V.I. S. Ct. R. 211.1.13(g); Model Rules of Prof'l Conduct r. 1.3 cmt. 1 (Am. Bar Ass'n 2019) (explaining that constituents are those in "positions equivalent to officers, directors, employees and shareholders held by persons acting for the organizational client that are not corporations").

---

[4] Virgin Islands Supreme Court Rule 203 delineates that not only does Rule 211 govern the conduct of lawyers in the USVI, but the ABA Interpretive Guidelines, Comments, and Committee Comments can be applicable as well. V.I. S. Ct. R. 203(a).

*Analysis*

¶9        Courtney does not assert that she contacted Kellerhals to represent her, nor does Courtney claim to be a former client. And Courtney does not contend that she personally retained or paid Kellerhals directly to represent PVCA.[5] Rather, Kellerhals was retained by funds from a collection of dues and common charges from all owners of units within Pineapple Village, which is not prohibited by the laws of the Virgin Islands or the Rules of Professional Conduct. Thus, there is no risk that Kellerhals' representation of PVCA will be materially limited by any responsibility to Courtney.

¶10        Further, Pineapple Village, as an organization, has the right to retain a counsel of its choosing. And, as our Rules specify, the lawyer retained for the organization represents the organization itself and not the constituents who act for it, unless the lawyer also formed a lawyer-client relationship with a constituent. V.I. S. Ct. R. 211.1.13(g). Besides owning a condominium unit, Courtney is not otherwise associated with PVCA, as Courtney is not a director or officer of Pineapple Village. Nor has Courtney ever formed a lawyer-client relationship with Kellerhals.[6]

¶11        In all, Courtney fails to demonstrate that Kellerhals' representation of PVCA is impermissible. Courtney has not met the burden of demonstrating that Kellerhals' representation

---

[5] Indeed, a lawyer should not accept compensation from anyone but "the client unless: (1) the client gives informed consent; (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and (3) information relating to representation of a client is protected as required by Rule 211.1.6." V.I. S. Ct. R. 211.1.8.

[6] *See* Restatement (Third) of the Law: The Law Governing Lawyers § 14 (Am. Law Inst. 2000) (stating that an attorney-client relationship "arises when[] a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person").

*Courtney v. PVCA Bd. of Dirs., Lisa De Roulet,* and *Fiona Stuart*
Case No. ST-2019-CV-00297
Memorandum Opinion – Petition to Remove Defendants' Counsel
Page 6 of 6

Cite as 2023 VI Super 28U

of PVCA creates a conflict of interest.[7] The Court does not find that there has been any violation

of the Rules of Professional Conduct, so the Petition will be denied.

## CONCLUSION

¶12    Courtney's attempt to remove Kellerhals as counsel for PVCA fails because the Court does

not find a conflict of interest that prohibits Kellerhals from representing PVCA, as Pineapple

Village is permitted to use funds it has collected from its dues to retain counsel of its choice, even

if the funds are used to sue a condominium unit owner. Therefore, the Court will deny Courtney's

Petition to remove Kellerhals as PVCA's counsel. An order consistent herewith will immediately

follow.

DATED: June    2    , 2023

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
TAMARA CHARLES
Clerk of the Court

BY: _____
**DONNA DONOVAN**
Court Clerk Supervisor    6 / 2 / 2023

---

[7] In addition, during a recent status conference, Courtney asserted that D'Andrade lives off-island and has never visited Pineapple Village, and thus it is unethical for D'Andrade to represent PVCA. While the Court has no information on the veracity of those claims, even if true, those factors would not make it unethical for D'Andrade to represent PVCA.

LOUISE COURTNEY (owner 3808-3811),   )
                                                     )       **CASE NO. ST-2019-CV-00297**

      Plaintiff,                        )

                                             )       **ACTION FOR BREACH OF**

      v.                               )       **FIDUCIARY CONTRACT,**

                                           )       **DAMAGES, INTENTIONAL**

PINEAPPLE VILLAGE CONDOMINIUM      )       **NEGLECT OF PROPERTY,**

ASSOCIATION, INC. BOARD OF             )       **EMOTIONAL DISTRESS,**

DIRECTORS, LISA DE ROULET, and         )       **AND PUNITIVE DAMAGES**

FIONA STUART,                          )

                                           )

      Defendants.                     )

                                           )

PINEAPPLE VILLAGE CONDOMINIUM      )

ASSOCIATION, INC. BOARD OF             )       **ACTION FOR DEBT &**

DIRECTORS,                             )       **FORECLOSURE**

                                           )

      Counterclaimant                 )

                                           )

      v.                               )

                                           )

LOUISE T. COURTNEY and THE LIVING   )

TRUST dated December 26, 2008,         )

                                           )

      Counter-defendants.          )

## O R D E R

**THIS MATTER** is before the Court on Plaintiff Louise Courtney's ("Courtney")

Petition to Remove Defendants' Legal Representative ("Petition"), filed on or about February

10, 2022. For the reasons set forth in the Memorandum Opinion entered this day, it is hereby

**ORDERED** that Courtney's Petition is **DENIED**; and it is further

*Louise Courtney v. Pineapple Village Condominium Association, Inc. et al.*
Case No. ST-2019-CV-00297
Order (denying Petition to Remove Defendants' Legal Representative)
Page 2

**ORDERED** that copies of this Order and the Memorandum Opinion shall be directed

to counsel of record and Louise Courtney.

Dated: June _____2_____, 2023                    _____

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____

**DONNA DONOVAN**
Court Clerk Supervisor _____6__/__2__/__2023__